FARNUM HARRIS, et ux, *vs.* IRA B. PECK.

A certificate of discharge under the Bankrupt law, unless impeached for fraud, is an absolute discharge of a pre-existing debt, unless the debt is revived be a new promise.

THIS was an action of assumpsit on a promissory note. The defendant pleaded a discharge under the Bankrupt act. The plaintiff replied a new promise, which was traversed. Evidence was given, that David Daniels, against whose Administrator this action was brought, had declared in presence of Farnum Harris, that he was owing his wife a confidential note and meant to pay it. This was in 1842, and he then ordered the merchant, in whose store the declaration was made, to furnish Harris with goods on his account. That afterwards, in 1844, he paid to Farnum Harris $16, which he asked him to endorse upon the note, at the same time saying " tell your wife, I calculate to pay the whole note."

CARPENTER and STEERE, for the plaintiffs.

A. C. GREENE and ROBINSON, for defendants.

Chief Justice GREENE delivered the charge of the Court.

A certificate of discharge under the Bankrupt law, unless impeached for fraud, is an absolute discharge of a pre-existing debt. But while the law considers the debtor discharged from all legal obligation, it still regards the moral obligation as a good consideration to support a new promise ; in this case the plaintiff has offered evidence, that David Daniels promised to pay the note upon which

this action was brought and which was discharged under the Bankrupt law. The new promise, if proved, is as valid as the original note. You have only to consider whether or not the promise was made. To prove a new promise it is not necessary to be shown that the word promise was used. An agreement to pay, or any word signifying an intent to pay, or giving assurance that he would pay, is sufficient evidence of a new promise. It is contended by the defendant that no time was fixed when the payment was to be made. But that does not affect the force of the legal obligation. The law itself will fix the time.

Verdict for the plaintiff.